Memorandum. Order, insofar as appealed from, reversed without costs, and motion to dismiss third-party complaint granted.
This action was instituted to recover the balance claimed due for hospital services rendered to defendant’s wife. Defendant then instituted a third-party action to recover from Associated Hospital Service of New York (Blue Cross) the amount of any verdict or judgment which may be recovered against the defendant. Defendant’s claim is based on the contract that he was a subscriber with Blue Cross in which article III(D) (1) (a) (ii) provides that: 1 ‘ Discount Days. The hospital shall make no *828 ' charge to. the Subscriber for 50% of the hospital’s regular charges for Hospital Service rendered during the Discount days.”
We are of the opiinion that the construction of this policy of insurance should have been undertaken by the court and is not -the proper subject for determination by a jury (see Hartford Acc. & Ind. Co. v. Wesolowski, 33 N Y 2d 169, 171-172). In this case, where the contract is clear, in and of itself, the interpretation of the contract is a question of law and no trial is necessary to determine the legal effects of the contractual provisions (Bethlehem Steel Co. v. Turner Constr. Co., 2 N Y 2d 456, 460).
In the present case, defendant asserts that Blue Cross was billed for one half of the daily rate for hospital service and that he was billed for individual items for hospital service as defined in the contract of insurance. Defendant asserts that he should be billed at the same rate as Blue Cross and that the double billing method is improper.
What defendant fails to grasp is that there are two separate contracts that are involved in this matter. The contract between the hospital and Blue Cross provides for a charge to Blue Cross of one half of the daily rate for a room during the 180 discount days. The contract between Blue Cross and the defendant subscriber provides that the hospital will only charge the subscriber 50% of the regular charges for “ Hospital Service ” rendered during the discount days. Defendant has failed to demonstrate how the provisions of the first contract can inure to his benefit and has failed to cite any authority for his position (see Mallad Constr. Co. v. County Fed. Sav. & Loan Assn., 32 N Y 2d 285, 290). That there are two separate contracts has already been cited with approval in the case of University Hospital v. Billone, (N. Y. L. J., May 14, 1974, p. 18, col. 6) wherein the court ruled after trial that the defendant could not benefit from the separate contract that Blue Cross had with a ‘ ‘ Member ’ ’ hospital. In view of our holding that only a question of law is presented for determination herein, it is our opinion that the third-party complaint must be dismissed for failure to state a cause of action. Blue Cross has honored the terms of its contract with the subscriber and nothing more can be asked of it.
Concur: Groat, P. J., Schwartzwald and Margett, JJ.